UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE SMITH,

        Petitioner,

        Case No. 1:21-cv-124

v.

        Hon. Hala Y. Jarbou

DARRELL STEWARD,

        Respondent.
_____/

## OPINION

        This is a habeas corpus action filed by a state prisoner under 28 U.S.C. § 2254. Petitioner Derrick Lee Smith is incarcerated with the Michigan Department of Corrections at the Muskegon Correctional Facility (MCF) in Muskegon, Muskegon County, Michigan. Petitioner is serving multiple sentences imposed in separate criminal proceedings in the Wayne County Circuit Court in 1998, 2008, and 2019. MDOC's Offender Tracking Information System (OTIS) indicates that Petitioner is serving the following terms of imprisonment: four concurrent sentences of 17 years, 6 months to 35 years for four counts of first-degree criminal sexual conduct (CSC I), imposed on May 2, 2019; eight concurrent sentences of 22 years, 6 months to 75 years for six counts of CSC I and two counts of kidnapping, imposed on October 29, 2008; and two concurrent sentences of 6 to 15 years for two counts of third-degree criminal sexual conduct (CSC III), imposed on May 26, 1998.[1]  *See* http://mdocweb.state.mi.us/otis2/otis2.aspx (search MDOC

---

[1] Petitioner was paroled on the 1998 sentences on October 4, 2007. *Smith v. Mich. Parole Bd. et al.*, No. 2:07-cv-14775 (E.D. Mich.) (Pet., ECF No. 1, PageID.2.)  He had been out on parole for about three months when he committed the offenses leading to the 2008 sentences.  As a result, the 2008 sentences run consecutively to the 1998 sentences.

Number 267009) (last visited Feb. 7, 2021).[2]  Petitioner pleaded guilty to the charges for which he was sentenced in 1998.  Petitioner pleaded *nolo contendere* to the charges for which he was sentenced in 2008 and 2019.

## I.     Petitioner's habeas petition history

Petitioner has filed many, many habeas corpus petitions in this Court and the United States District Court for the Eastern District of Michigan.  Each of his prior petitions has been denied, dismissed, or transferred to the Sixth Circuit Court of Appeals as second and/or successive.

This Court denied Petitioner's habeas challenge to the 1998 convictions on the merits on August 28, 2007, in *Smith v. White*, 2:06-cv-306 (W.D. Mich.).[3]  The United States District Court for the Eastern District of Michigan denied Petitioner's habeas challenge to the 2008 convictions on the merits on March 9, 2016, in *Smith v. Bauman*, 2:10-cv-11052 (E.D. Mich.).[4]

Petitioner has also filed a number of purported habeas petitions that related to prison conditions or misconduct determinations.  Courts have either dismissed those petitions because

---

[2] This Court takes judicial notice of the information provided by a search of the MDOC OTIS website with regard to Petitioner.  *See, e.g., Carpenter v. Mich. Dep't of Corr. Time Computation Unit*, No. 1:13-cv-313, 2013 WL 1947249, at *1 n.1 (W.D. Mich. May 9, 2013); *Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821–22 n.3 (E.D. Mich. 2004).

[3] Petitioner filed other petitions relating to the 1998 convictions: *Smith v. Mich. Parole Bd. et al.,* No. 2:07-cv-14775 (E.D. Mich.) (transferred to Sixth Circuit); *Smith v. White*, No. 2:07-cv-10095 (E.D. Mich.) (dismissed as duplicative of *Smith v. White*, No. 2:06-cv-306 (W.D. Mich.)); *Smith v. Howes*, No. 2:05-cv-73868 (E.D. Mich.) (same); *Smith v. Vasbinder*, 2:04-cv-74577 (E.D. Mich.) (dismissed as unexhausted).

[4] Petitioner filed many other petitions relating to the 2008 convictions: *Smith v. Burt*, No. 2:19-cv-11850 (E.D. Mich.) (transferred to the Sixth Circuit as second or successive); *Smith v. Burt*, No. 1:18-cv-1858 (W.D. Mich.) (same); *Smith v. Palmer*, No. 2:17-cv-12115 (E.D. Mich.) (transferred to the Sixth Circuit as second or successive); *Smith v. Warden*, No. 5:17-cv-10806 (E.D. Mich.) (dismissed as duplicative of *Smith v. Bauman*, No. 5:10-cv-11052 (E.D. Mich.)); *Smith v. Berghuis*, 1:14-cv-492 (W.D. Mich.) (same); *Smith v. Berghuis*, 2:13-cv-13863 (E.D. Mich.) (same); *Smith v. Palmer*, No. 5:12-cv-10958 (E.D. Mich.) (dismissed as noncognizable); *Smith v. Palmer*, No. 5:12-cv-12605 (E.D. Mich.) (dismissed as duplicative of *Smith v. Bauman*, No. 5:10-cv-11052 (E.D. Mich.)); *Smith v. Palmer*, No. 2:11-cv-12765 (E.D. Mich.) (same); *Smith v. Ludwick*, No. 2:09-cv-14936 (E.D. Mich.) (dismissed as unexhausted); *Smith v. Evans et al.*, No. 2:08-cv-11188 (E.D. Mich.) (same).

the issues raised were not cognizable on habeas review or transferred them to the Sixth Circuit.[5] Additionally, Petitioner has filed a number of petitions relating to the denial of parole.[6]

Petitioner also filed one petition relating to a first-degree murder conviction and sentence. *See Smith v. MacLaren*, No. 2:15-cv-193 (W.D. Mich.). Petitioner reported that he was sentenced for the alleged murder offense on the same day as his 2008 convictions, but the Court can find no record of that conviction or sentence. Petitioner also filed one prior petition that did not indicate what state action he was challenging or why he was challenging it. *Smith et al., v. Harry et al.*, No. 2:16-cv-10285 (E.D. Mich.). Finally, Petitioner filed a petition challenging the manner in which the MDOC was handling his consecutive sentences. *Smith v. Burt*, 1:18-cv-402 (W.D. Mich.).

Pursuit of any challenge to Petitioner's 1998 or 2008 convictions or sentences would require permission from the Sixth Circuit Court of Appeals because such a challenge would be second or successive.[7] 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application

---

[5] *See Smith v. Mich. Parole & Commutation Bd.*, No. 1:20-cv-10649 (E.D. Mich.) (dismissed as noncognizable); *Smith v. Burt*, No. 1:17-cv-1082 (W.D. Mich.) (same); *Smith v. Parson et al.*, 1:17-cv-833 (W.D. Mich.) (same); *Smith v. Dietz et al.*, No. 1:17-cv-314 (W.D. Mich.) (same); *Smith v. Jackson*, No. 1:16-cv-423 (W.D. Mich.) (same); *Smith v. Jackson et al.*, No. 2:16-cv-12660 (E.D. Mich.) (same); *Smith v. Jackson et al.,* No. 2:16-cv-12660 (E.D. Mich.) (same); *Smith v. Hoffner*, No. 2:14-cv-14962 (E.D. Mich.) (same); *Smith v. Mich. Dep't of Corr.*, No. 4:14-cv-14790 (E.D. Mich.) (same); *Smith v. Hoffner et al.*, No. 5:14-cv-14067 (E.D. Mich.) (same); *Smith v. Heyns et al.*, No. 1:13-cv-1305 (W.D. Mich.) (same); *Smith v. Berghuis*, No. 1:13-cv-225 (W.D. Mich.) (same); *Smith v. Heyns et al.,* 5:13-cv-14988 (E.D. Mich.) (same); *Smith v. Heyns et al.,* 2:13-cv-14013 (E.D. Mich.) (transferred to Sixth Circuit); *Smith v. Ludwick et al*, No. 2:10-cv-10668 (E.D. Mich.) (dismissed as noncognizable); *Smith et al. v. Ludwick et al.*, No. 2:09-cv-10393 (E.D. Mich.) (same).

[6] *See Smith v. Sherry,* No. 2:06-cv-234 (W.D. Mich.); *see also Smith v. White*, No. 2:07-cv-28 (W.D. Mich.) (dismissed as duplicative of *Smith v. Sherry*, No. 2:06-cv-234 (W.D. Mich.)); *Smith v. Rubitschun et al.*, No. 2:07-cv-76 (W.D. Mich.); *Smith v. Mich. Parole Bd. et al.*, No. 2:07-cv-10875 (E.D. Mich.) (transferred to Sixth Circuit); *Smith v. Sherry et al*, No. 2:06-cv-11167 (E.D. Mich.) (same); *Smith v. Vasbinder*, No. 2:05-cv-72557 (E.D. Mich.) (same).

[7] A successive petition raises grounds identical to those raised and rejected in a prior petition. *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1986) (plurality) (citing *Sanders v. United States*, 373 U.S. 1, 15-17 (1963)); *see also Lonberger v. Marshall*, 808 F.2d 1169, 1173 (6th Cir. 1987). A second petition is one which alleges new and different grounds for relief after a first petition was denied. *McCleskey v. Zant*, 499 U.S. 467, 470 (1991); *see also Burger v. Zant*, 984 F.2d 1129, 1132-33 (11th Cir. 1993) (distinguishing second petitions and successive petitions).

permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). A prior dismissal with prejudice has a preclusive effect under § 2244, though a prior dismissal without prejudice does not. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998). Both dismissals on the merits and certain types of decisions reached before a merits determination are dismissals with prejudice that have a preclusive effect. *Carlson v. Pitcher*, 137 F.3d 416, 419 (6th Cir. 1997) (citing *Benton v. Washington*, 106 F.3d 162, 164 (7th Cir. 1996)). For example, a dismissal with prejudice based on procedural default is "on the merits" and, thus, a subsequent habeas application would be second or successive. *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000). Similarly, a dismissal on the basis of the statute of limitations is a decision on the merits, rendering a subsequent application second or successive. *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b).").

Prior to the instant petition, Petitioner's most recent habeas petition was filed on July 14, 2020. In that petition, Petitioner raised many claims, but it appeared that he intended to challenge his 2008 convictions and sentences. At one point in his narrative, Petitioner cited the case number for the 2008 offenses. He also indicated that Respondents Penman and McNiel, police officers, engaged in conduct leading to his convictions for kidnapping and criminal sexual conduct, which were the convictions in the 2008 case. That petition was second or successive. The Court transferred it to the Sixth Circuit. Petitioner withdrew his motion to file a second or

4

successive petition because he was, instead, actively pursuing relief relating to his 2019 convictions in the state courts. *In re Derrick Smith*, No. 20-1727 (6th Cir. Nov. 4, 2020).

Petitioner has been actively litigating his 2019 convictions and sentences in the state courts. *See* https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=3726541 (visited Feb. 7, 2021); https://courts.michigan.gov/opinions_orders/case_search/pages/default.aspx?SearchType=1&CaseNumber=353503&CourtType_CaseNumber=2 (visited Feb. 7, 2021); https://courts.michigan.gov/opinions_orders/case_search/pages/default.aspx?SearchType=1&CaseNumber=355129&CourtType_CaseNumber=2 (visited Feb. 7, 2021). None of the issues relating to the 2019 convictions and sentences, however, have been exhausted in the state courts.

## II.     The instant petition

It is entirely possible that Petitioner's present petition is intended to challenge the 2019 convictions and sentences. If that is the case, it would not be second or successive; although it would be premature. It is also possible that Petitioners' present petition is intended to challenge one or more of his other convictions and sentences and, if so, the petition would be second or successive. It is also possible that Petitioner intends to challenge a disciplinary sanction or some aspect of the Michigan parole process.

Only Petitioner knows exactly what he is challenging in his petition, and he did not share that information. Instead, Petitioner states only: "Petitioners Derrick Lee Cardello-Smith and Megan Taylor, . . . hereby move[] this Court to grant the writ of habeas corpus and order the release of the Petitioner . . . from the Respondent[']s custody and care . . . ." (Pet., ECF No. 1, PageID.1.)

5

Section 2242 of Title 28, United States Code, requires Petitioner to allege the facts concerning the applicant's commitment or detention. The Court's required habeas corpus form petition is designed to elicit that important information. Because of his extensive habeas petition history in this Court, Petitioner is well-aware of the requirement. He has chosen to ignore it. As a result, his petition is deficient on its face.

Section 2243 of Title 28, United States Code, and Rule 4 of the Rules Governing § 2254 Cases require the Court to conduct a preliminary review of the petition to determine whether it appears from the face of the petition that Petitioner is not entitled to relief. The Court has conducted that review. Because the petition is deficient on its face, it is properly dismissed.

### III.     Petitioner failed to pay the filing fee

The filing fee for this action is $5.00. Petitioner has failed to pay the filing fee or to apply in the manner required by law to proceed *in forma pauperis* and is notified of that deficiency.

Petitioner must either pay the $5.00 fee or apply to proceed *in forma pauperis* without prepayment of fees. To apply to proceed *in forma pauperis*, petitioner must file an affidavit of indigence and a certificate of the warden or other appropriate officer as to the amount of money or securities on deposit in any account in the institution where petitioner is incarcerated. Rule 3, Rules Governing § 2254 cases. The affidavit must include a statement of all assets petitioner possesses, a statement that petitioner is unable to pay the fee or give security therefor, and a statement of the nature of the action. Rule 3; 28 U.S.C. § 1915(a)(1). An affidavit in substantial compliance with Form 4 of the Federal Rules of Appellate Procedure will suffice. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604, 610 (6th Cir. 1997), *overruled in other part by*

*LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). The certificate must disclose the amount in petitioner's prison account and the total deposits placed in petitioner's account for the previous six months. W.D. Mich. LCivR 3.4(a).

Petitioner is informed that within 28 days from the date of this notice, he must submit the $5.00 filing fee or, alternatively, file the documents required to proceed *in forma pauperis*. Petitioner also is notified that if he fails to pay the filing fee or to file the affidavit of indigence and certificate of trust account statement, the Court will presume that he is not proceeding *in forma pauperis*. In that event, Petitioner's failure to pay the $5.00 fee would provide an alternative basis for a dismissal without prejudice.

## IV.    Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating

7

that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. Moreover, for the same reasons the Court concludes that Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter a judgment dismissing the petition and an order denying a certificate of appealability.

Dated:  February 9, 2021                    /s/ Hala Y. Jarbou
                                            HALA Y. JARBOU
                                            UNITED STATES DISTRICT JUDGE